Michael **HAGGERTY**, Plaintiff–Appellant,

v.

**FEDERAL INSURANCE COMPANY,**
**the Travelers Indemnity Company of**
**Illinois, Defendants–Appellees.**

No. 00–57063.

D.C. No. CV–00–518–GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2002.

Decided March 1, 2002.

Before O'SCANNLAIN, and
SILVERMAN, Circuit Judges, and

REED *, District Judge.

## MEMORANDUM **

Appellant Michael Haggerty ("Haggerty") brought this action for declaratory relief against Appellee Travelers Indemnity Company of Illinois ("Travelers") as well as against another insurer because each rejected Haggerty's tender of defense for an action that Haggerty's former employers Travelways, Inc. ("Travelways") and Stardust Executive Transportation, Inc. ("Stardust") brought against him.[1] As relevant here, the underlying lawsuit, filed in California state court ("State Court Action"),[2] alleged that Haggerty made defamatory statements against the interests of Travelways in breach of his contractual and fiduciary duties. The district court granted summary judgment to Travelers, finding no evidence that Haggerty had acted in an insured capacity while making the allegedly defamatory statements. Therefore, Travelers had no duty to defend.

We review the district court's grant of summary judgment *de novo* and we affirm. *See Newbery Corp. v. Fireman's Fund Ins. Co.,* 95 F.3d 1392, 1398 (9th Cir.1996). Because the parties are otherwise familiar with the facts, we need not recite them again.

---

* Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation.

** This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Haggerty also challenges the grant of summary judgment in favor of the other defendant, Federal Insurance Company, the subject of a companion appeal, No. 00–57062. The central issue in that appeal was whether Stardust, a subsidiary of Travelways and also

## DISCUSSION

### I. Duty to Defend.

An insurance company's duty to defend is broader than its duty to indemnify in that it is triggered when a lawsuit *"potentially* seeks damages within the coverage of the policy." *Gray v. Zurich,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, 176 (Cal.1966) (emphasis in original).[3] When a person seeks coverage as an additional insured under a policy issued to a corporation as the named insured, an officer or employee of the corporation is entitled to a defense if he or she was acting in an insured capacity when allegedly engaging in the injury-producing conduct. *Barnett v. Fireman's Fund Insurance Co.,* 90 Cal. App.4th 500, 108 Cal.Rptr.2d 657, 664 (Ct. App.2001).

Whether a third-party action asserts a potentially covered claim under the policy, thus triggering the duty to defend, requires interpretation of the policy language and is a question of law. *Alex Robertson Co. v. Imperial Casualty & Indemnity Co.,* 8 Cal.App.4th 338, 10 Cal. Rptr.2d 165, 167–168 (Ct.App.1992). The determination of whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy. *Waller v. Truck Ins. Exchange,* 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619,

---

Haggerty's former employer, was insured under Federal's policy. However, because it is undisputed that Stardust was not insured under the policy here, we do not include Stardust further in this discussion.

2. The State Court Action was settled shortly after Haggerty tendered his claim.

3. Because jurisdiction for this case is based upon diversity, this court applies California substantive law. *Continental Ins. Co. v. Metro–Goldwyn–Mayer, Inc.,* 107 F.3d 1344, 1346 (9th Cir.1997).

627 (Cal.1995). Allegations of the complaint are not conclusive, however, "[f]acts extrinsic to the complaint may give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." *Id.*

"An insured may not trigger a duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." *Gunderson v. Fire Ins. Exchange,* 37 Cal. App.4th 1106, 44 Cal.Rptr.2d 272, 277 (Ct. App.1995). To defeat summary judgment, the non-moving party must specifically set forth facts in dispute to show there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

Travelways was a named insured under a Commercial General Liability ("CGL") policy obtained from Travelers. As a former executive officer of Travelways, Haggerty sought coverage from Travelers under the policy's limited coverage for its additional insureds, which read: "[y]our 'executive officers' and directors are insureds, but only with respect to their duties as your officers and directors."

There is only one paragraph in the underlying complaint that Haggerty argues contains allegations demonstrating that he was acting in an insured capacity when he allegedly made defamatory statements about Travelways. Paragraph 29 alleges, in part, that Haggerty was:

> [c]ontacting employees of Plaintiffs for the purpose of disseminating false and misleading information about Plaintiffs' future plans, and/or soliciting said employees to leave their employment and become employees of Ryan's Express, all for the benefit of Ryan's Express and said defendants and each of them, and to the detriment of Plaintiffs.

The paragraph alleges Haggerty "committed these acts on company time, using company assets, and while an employee of the company." A plain reading of the allegations shows that the activities described reference Haggerty's alleged breach of his non-competition agreement and fiduciary duties owed to Travelways.

■■■ Nevertheless, Haggerty argues that the statements he made while still employed regarding Travelways' "future plans" in fact were communications to employees regarding the company's 401k plan. However, because the district court properly ruled Haggerty's proffered evidence in support of this argument inadmissible, it fails.[4] The district court made no error in excluding the evidence Haggerty alleged created a factual dispute as to whether Haggerty was acting "with respect to [his] duties."

■■ Looking at the allegations in the underlying complaint, the district court rightly found Haggerty could not have been acting in an insured capacity while allegedly acting against the interests of the named insured. *Milazo v. Gulf Ins. Co.,* 224 Cal.App.3d 1528, 274 Cal.Rptr. 632 (Ct.App.1990), the main authority address-

---

4. The district court properly excluded certain extrinsic evidence Haggerty proffered. The declaration of Robert Byrne, Senior Vice President, Legal Affairs of Travelways' parent company, who prosecuted the State Court Action, lacks foundation in that there was no evidence Byrne had personal knowledge that Haggerty made the statements concerning the 401k plan or that he was competent to express the opinion that Haggerty's statements were "with respect to [his] duties" as an officer of Travelways. In addition, Haggerty's own declaration is irrelevant as there is no showing that Travelers knew or should have known of the facts contained within it at the time Haggerty tendered his defense. *See B & E Convalescent Center v. State Compensation Insurance Fund,* 8 Cal.App.4th 78, 9 Cal. Rptr.2d 894 (Ct.App.1992) (duty to defend is not judged on the basis of hindsight, but rather on the information available to the insurer at the time of tender).

ing the situation here, and the case upon which the district court principally relied, supports this conclusion.[5] There was no error in finding Haggerty was not acting "with respect to [his] duties" when he allegedly defamed Travelways in violation of his contractual and fiduciary duties.

## II. Other Arguments.

■ We reject Haggerty's claim that the term "duties" should be interpreted broadly to include alleged misconduct even if that misconduct benefits Haggerty personally. Haggerty's authorities fail to persuade us because they all involve cases where an officer sought coverage for a claim brought by a third party. Such authorities are inapplicable to the situation here, where an officer seeks coverage for a claim brought by his employer, the holder of the policy.

■ Haggerty also raises arguments that we will not consider. Two arguments are presented for the first time on appeal; one relating to the applicability of ERISA, and the other promoting an asserted "mixed motive" theory. Although we have discretion to consider arguments raised for the first time on appeal under narrow circumstances, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996), we are not moved to do so here. Haggerty also asserts for the first time in his reply brief that the existence of an exclusion in another clause of the policy mandates a finding that he is entitled to coverage. Because arguments not raised by a party in his opening brief are deemed waived, we do not consider this untimely argument. *Smith v. Marsh,*

194 F.3d 1045, 1052 (9th Cir.1999). Haggerty's remaining arguments are also without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

**5.** Since the district court issued its ruling, two additional decisions applying *Milazo* to factually similar situations have emerged. *See Lomes v. Hartford Financial Services Group,* 88 Cal.App.4th 127, 105 Cal.Rptr.2d 471 (Ct.App.2001) *review denied; Barnett v. Fireman's Fund Insurance Co.,* 90 Cal.App.4th 500, 108 Cal.Rptr.2d 657 (Ct.App.2001) *review denied.* A review of these authorities does not affect the validity of the district court's analysis.

